# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                Case No. 14-CR-249

WILLIE WILKERSON,

    Defendant.

## DECISION AND ORDER ON DEFENDANT'S MOTION TO DISCLOSE THE IDENTITY OF SOI-1 AND RECOMMENDATION ON DEFENDANT'S MOTION TO STRIKE AND MOTION TO SUPPRESS

On December 16, 2014, a grand jury sitting in the Eastern District of Wisconsin returned a three-count indictment against defendant Willie Wilkerson ("Wilkerson"). Wilkerson is charged in count one of the indictment with possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). He is charged in count two of the indictment with knowingly and intentionally possessing with intent to distribute a mixture and substance containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). Wilkerson is charged in count three of the indictment with knowingly possessing two firearms in furtherance of the drug trafficking offense charged in count two, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Wilkerson was arraigned on the charges and entered a plea of not guilty. A jury trial is scheduled before the Honorable Rudolph T. Randa on March 23, 2015.

Wilkerson has three pretrial motions currently pending before the Court. First, Wilkerson moves to strike from count one of the indictment the inclusion of details of Wilkerson's criminal history as it relates to his perceived status as an "Armed Career Criminal." Second, Wilkerson moves

to confirm the identity of the confidential informant referred to as "SOI-1." Finally, Wilkerson moves to suppress evidence obtained following Wilkerson's arrest, as well as evidence obtained following the execution of a search warrant. In connection with his motion to suppress, Wilkerson requests an evidentiary hearing regarding the circumstances surrounding his arrest and a *Franks v. Delaware*, 438 U.S. 154 (1978), hearing regarding the executed warrant. I will address each motion in turn.

## BACKGROUND

The parties agree to the following facts. On the afternoon of September 19, 2014, officers of the Milwaukee police department obtained a search warrant in furtherance of their investigation of Wilkerson for drug trafficking and possible firearms offenses. (Def.'s Br. at 3, Docket # 12.) Prior to the execution of the search warrant, officers observed Wilkerson on the street and took him into custody, citing a violation of Milwaukee's loitering ordinance as the basis for doing so. (*Id.*) Having taken Wilkerson into custody, the officers transported him to the residence targeted by the search warrant (4226 West Lloyd Street), obtained certain items of personal property (including a key) from him, and executed the search warrant by gaining entry to the residence with a key obtained from the defendant. (*Id.*) Following the execution of the search warrant, a detective conducted a custodial interview of Wilkerson. (*Id.* at 4.)

## ANALYSIS

*1.     Motion to Strike Surplusage from Indictment*

Count one, paragraph three of the indictment alleges that Wilkerson is an Armed Career Criminal because of three enumerated offenses that the indictment alleges constitute a violent felony or serious drug offense, as defined in 18 U.S.C. § 924(e)(2). (Docket # 1 at 1-2.) Wilkerson argues

that paragraph three of count one should be stricken from the indictment because the allegations are unnecessary to establish a violation of the statute and are inflammatory and prejudicial. The government contends that it is the practice in this district to include Armed Career Criminal allegations in the indictment as a courtesy notice to the defendant and the allegations are not read to the jury at trial. Thus, the government argues there is no prejudice to the defendant. (Gov.'t Br. at 2, Docket # 15.) The government further argues that while recidivist allegations like those in paragraph three of count one of the indictment are, under current law, unnecessary to prove the offense, citing *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998), the government contends that *Almendarez-Torres* is under "increasing pressure" and may be overturned or modified prior to the disposition of this case. (Docket # 15 at 3.)

An indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1). "'Allegations in an indictment that are not necessary to establish a violation of the statute in issue are mere surplusage and may be disregarded if the remaining allegations are sufficient to charge a crime.'" *United States v. Peters*, 435 F.3d 746, 752-53 (7th Cir. 2006) (quoting *United States v. Mastrandrea*, 942 F.2d 1291, 1293 (8th Cir. 1991)). Thus, "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). Surplusage should not be stricken unless "'it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial.'" *Peters*, 435 F.3d at 753 (quoting *United States v. Rezaq*, 134 F.3d 1121, 1134 (D.C. Cir. 1998)).

The allegations in paragraph three of count one of the indictment should be stricken. The government acknowledges that under *Almendarez-Torres*, the recidivist allegations are unnecessary to prove the offense. While this position has been questioned, *Almendarez-Torres* is still good law. As

such, the allegations are not relevant to the crimes charged and are inflammatory and prejudicial. *See United States v. Griffin*, No. 11-CR-30, 2011 WL 3348030, *1-2 (E.D. Wis. June 22, 2011) (striking Armed Career Criminal allegations from indictment because they were not relevant to the crimes charged and presented a potential to prejudice and inflame the jury). Thus, it is recommended that Wilkerson's motion to strike paragraph three of count one of the indictment be granted.

    *2.    Motion to Suppress*

        2.1    Fruits of Arrest

Wilkerson argues that he was arrested without a warrant and without probable cause and seeks an evidentiary hearing. Wilkerson contends that the discovery states nothing more than that the officers took him into custody for loitering without providing further detail. (Docket # 12 at 4.) Wilkerson contends that he was not loitering and that an evidentiary hearing is necessary to resolve this disputed question of fact. In response, the government has agreed not to use at trial either Wilkerson's statements made during the post-arrest interview with police or the fact that he had a key to the address in question on his person at the time of the arrest. Thus, an evidentiary hearing on the issue of Wilkerson's arrest for loitering is not necessary and Wilkerson's request for an evidentiary hearing on the loitering arrest is denied as moot.

        2.2    The Search Warrant

Wilkerson raises two interrelated challenges to the search warrant executed on the residence at 4226 West Lloyd Street. First, he requests a *Franks* hearing to challenge the affidavit supporting the search warrant. He argues that the affiant, Officer Eric Rom, depicted the confidential informant known as SOI-1 as a law abiding citizen who happened upon criminal activity and reported the activity to police simply because he or she saw it as a sign of good citizenship. (Docket # 12 at 7.)

Wilkerson argues that in reality, SOI-1 is his "jilted lover" who was convicted in 2009 with misdemeanor obstructing/resisting an officer and that Officer Rom either knew or had reason to know that SOI-1 was not law abiding and was biased. (*Id.* at 8.) Wilkerson argues that had the issuing judge been aware of SOI-1's criminal record and their relationship, the judge would not have found SOI-1 reliable and SOI-1 was the sole source of information tying Wilkerson to the Lloyd Street address. (*Id.*) Thus, without SOI-1's statements, the search warrant lacked probable cause to search the Lloyd Street address. (*Id.* at 7-11.) Second, Wilkerson argues that the search warrant affidavit lacked probable cause connecting him to the Lloyd Street address.

*Franks Hearing*

A defendant is entitled to a *Franks* hearing only if he makes a "'substantial preliminary showing' that: (1) the affidavit contained a material false statement; (2) the affiant made the false statement intentionally, or with reckless disregard for the truth; and (3) the false statement was necessary to support the finding of probable cause." *United States v. Maro*, 272 F.3d 817, 821 (7th Cir. 2001) (quoting *Franks*, 438 U.S. at 155–56). This standard also applies when an affidavit is challenged on the ground that facts were omitted. *See, e.g.*, *United States v. Williams*, 737 F.2d 594, 604 (7th Cir.1984). In other words, to be entitled to a *Franks* hearing based on omissions in a search warrant affidavit, the defendant must show that the omitted facts were material—"that is, if the fact[s] were included, the affidavit would not support a finding of probable cause." *Id.*

Furthermore, "*Franks* makes it clear that affidavits supporting a search warrant are presumed valid, and that the 'substantial preliminary showing' that must be made to entitle the defendant to an evidentiary hearing must focus on the state of mind of the warrant affiant," i.e., the law enforcement officer who sought the search warrant. *United States v. Jones*, 208 F.3d 603, 607 (7th Cir.

2000) (citing *Franks*, 438 U.S. at 171). The inquiry is "not whether the affidavit contains a false statement, but whether the affiant knew or should have known that a statement was false." *United States v. Schultz*, 586 F.3d 526, 531 (7th Cir. 2009) (citing *Jones*, 208 F.3d at 603). Consequently, "[t]he defendant must offer evidence showing either that the warrant affiant lied or that the warrant affiant recklessly disregarded the truth because he 'in fact entertained serious doubts as to the truth of his allegations' or had 'obvious reasons to doubt the veracity of the allegations.'" *Jones*, 208 F.3d at 607 (quoting *Williams*, 737 F.3d at 602). To meet this "substantial" burden, the defendant must make allegations, accompanied by an offer of proof, that are "more than conclusory and must be supported by more than a mere desire to cross-examine." *Franks*, 438 U.S. at 171. Accordingly, "*Franks* hearings are rarely required." *United States v. Johnson*, 580 F.3d 666, 670 (7th Cir. 2009) (citing *Maro*, 272 F.3d at 821).

In this case, Officer Eric Rom applied for and obtained a warrant to search 4226 West Lloyd Street. In support of the search warrant, Officer Rom submitted an affidavit setting forth his basis for probable cause to believe that the residence contained evidence relating to the crimes of "possession of a controlled substance and/or with intent to deliver (Marijuana)," "possession of a controlled substance and/or with intent to deliver (Cocaine)," and "Felon in Possession of a Firearm." (Def.'s Br., Exh. 1, Docket # 12-1.)

Officer Rom indicated that the application for a search warrant was based upon information that he received from two sources: SOI-1 and SOI-2. (Exh. 1, ¶ 4.) Officer Rom described SOI-1 as a "reliable citizen informant" and as a "law abiding citizen who just deems it as a sign of good citizenship not motivated by profit, immunity, or more lenient treatment." (Exh. 1, ¶¶ 4, 8 .) Officer Rom described SOI-2 as a confidential informant who was a credible person because SOI-2 had

given law enforcement officers information which directly led to the arrest of at least fifteen individuals and to the issuance of at least eight search warrants. (Exh. 1, ¶ 9.)

As to SOI-1, Officer Rom indicated that the application for a search warrant was based upon a complaint by SOI-1, who identified Willie Lee Wilkerson as trafficking crack cocaine and marijuana in the area of North 29th Street and West Vine Street. (Exh. 1, ¶ 12.) SOI-1 also told the police that Wilkerson stayed in a house around North 42nd Street and West Lloyd Street and that SOI-1 had observed Wilkerson with a hand gun. (*Id.*)

Officer Rom indicated that based on SOI-1's complaint, he initiated an investigation of Willie Wilkerson. (Exh. 1, ¶ 13.) He learned that Wilkerson was on supervision for a Felon in Possession of Firearm and Possession With Intent To Deliver Cocaine. (*Id.*) He also conducted surveillance of the area in which SOI-1 had reported that Wilkerson was trafficking drugs. (Exh. 1, ¶ 14.) He observed Wilkerson in hand-to-hand exchanges consistent with street level drug sales. (*Id.*)

Officer Rom indicated that he spoke further with SOI-1 who told him that Wilkerson was still actively involved in the trafficking of cocaine and marijuana. (Exh. 1, ¶ 15.) SOI-1 also provided a description of the automobiles Wilkerson was driving. (*Id.*) SOI-1 further stated Wilkerson carried a handgun that he hides in the automobiles when driving. (*Id.*)

Officer Rom indicated that within the last 72 hours, SOI-1 informed him that Wilkerson was living at 4226 West Lloyd Street. (Exh. 1, ¶ 17.) SOI-1 informed Officer Rom that SOI-1 had observed Wilkerson inside the residence, that Wilkerson appeared to have control of the premises, entering through the north side door on the rear of the house and going to the upper unit. (*Id.*) Officer Rom also averred that SOI-1 informed him that SOI-1 observed Wilkerson carrying a black

firearm at that location. (*Id.*) Finally, SOI-1 stated that Wilkerson was keeping an assault-style rifle, cocaine, and marijuana at that location. (*Id.*)

Officer Rom spoke with the Department of Community Corrections Agent Kyle Chapman who advised him that the address of 4226 West Lloyd Street was not Wilkerson's listed address, but it was noted as a possible location where Wilkerson was staying by an anonymous tip. (Exh. 1, ¶ 18.)

As to SOI-2, Officer Rom indicated that SOI-2 identified Wilkerson in a booking photo. (Exh. 1, ¶ 16.) SOI-2 stated that he knew Wilkerson as "Red." (*Id.*) SOI-2 knew that Wilkerson sold cocaine in the area of North 29th Street and West Vine Street. (*Id.*) SOI-2 further stated that Wilkerson frequently carried a firearm, that SOI-2 has seen Wilkerson with a firearm, and that Wilkerson brought the cocaine and firearm from another location by automobile. (*Id.*)

Wilkerson argues that the search warrant affidavit contains both misstatements and omissions. As stated earlier, he argues that the search warrant depicts SOI-1 as "law abiding" when she in fact has a misdemeanor conviction and as an unbiased citizen doing her civic duty by reporting criminal activity when in fact she was Wilkerson's "jilted lover" who previously reported his claimed misconduct to his probation officer.

I am unconvinced that Wilkerson is entitled to a *Franks* hearing. Even assuming *arguendo* that the statements in the affidavit that SOI-1 was law-abiding and unbiased were false and the affiant either intentionally or recklessly made the statements, I do not find that the inclusion of SOI-1's criminal record and the true nature of her relationship with Wilkerson would have defeated probable cause. I agree with Wilkerson that a prior conviction is relevant to credibility, but it does not automatically defeats a witness' credibility. Likewise, the inclusion of the intimate nature of the relationship between SOI-1 (assuming she is the girlfriend) and Wilkerson also would not defeat her

credibility. To the contrary, the fact that Wilkerson and SOI-1 had an intimate relationship may have strengthened probable cause because it would have explained how SOI-1 knows the information she is providing.

At any rate, the reliability of the informant is not assessed in isolation but on the totality of the record. While I agree that the affidavit would have been strengthened by the police corroborating SOI-1's information about the Lloyd Street residence (for example conducting surveillance as Officer Rom did of the location from where Wilkerson was alleged to be dealing or conducting controlled buys as Wilkerson suggests), SOI-1 is not a completely uncorroborated source. SOI-1 provided information that Wilkerson was involved in the trafficking of crack cocaine and marijuana from the area of North 29th Street and West Vine Street. Officer Rom conducted surveillance of the area and observed Wilkerson involved in hand-to-hand exchanges consistent with street level drug sales. Further, SOI-2, a tested informant, also provided information that Wilkerson was selling cocaine in the area of North 29th Street and West Vine Street. SOI-2 also corroborated SOI-1's statement that Wilkerson carried a firearm in his vehicle. Thus, SOI-1's information about Wilkerson's drug dealing was corroborated, in part by the affiant's own surveillance. Moreover, while the inquiry about Wilkerson's drug dealing and residence are separate, because SOI-1's drug dealing allegations were corroborated, the court commissioner reviewing the warrant could have found that SOI-1's information regarding Wilkerson's residence also warranted crediting. *See Illinois v. Gates*, 462 U.S. 213, 244 (1983) (quoting *Spinelli v. United States*, 393 U.S. 410, 427 (1969) (White, J., concurring)) ("'Because an informant is right about some things, he is more probably right about other facts.'").

Accordingly, because I find that the information that Wilkerson argued was omitted from the affidavit would not have defeated probable cause, Wilkerson's request for a *Franks* hearing is denied.[1]

*Probable Cause*

Similarly, Wilkerson's argument that there was not probable cause connecting him to the Lloyd Street residence also fails. The court's duty in reviewing a search warrant and its supporting material is limited. The duty of the reviewing court is simply to ensure that the issuing judicial official had a "substantial basis" for concluding that probable cause existed. *Gates*, 462 U.S. at 238-39. In determining probable cause, the "task of the issuing magistrate" is "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 238. Probable cause is dependent upon both the content of the information possessed by the police and its degree of reliability. *Alabama v. White*, 496 U.S. 325, 330 (1990). Both factors—quantity and quality—are considered in the totality of the circumstances. *Id.* Probable cause is "a fluid concept—turning on the assessment of probabilities in particular factual contexts." *Gates*, 462 U.S. at 232.

Considering the totality of the circumstances, the court commissioner had a substantial basis for concluding that the search warrant affidavit established probable cause that evidence of a crime would be found at the Lloyd Street address. As discussed above, SOI-1's complaint that Wilkerson was dealing drugs in a specific area was corroborated by Officer Rom through surveillance.

---

[1] Wilkerson argues that this is a case of more than mere omission; it is also a case of mischaracterization. This framing of the argument does not change the analysis. Even excising the description of SOI-1 as a law-abiding citizen, the affidavit would still contain SOI-1's information that Wilkerson was dealing drugs at a specific location, which was corroborated by Officer Rom and SOI-2. On that basis, the court commissioner could have found SOI-1 sufficiently reliable to also credit her information about Wilkerson's connection to the Lloyd Street residence.

Additionally, SOI-2 corroborated the allegation of drug dealing in the specific area alleged by SOI-1. While it would have strengthened probable cause for Officer Rom to have conducted surveillance or controlled buys at the Lloyd Street residence, given that SOI-1's other information was corroborated, the commissioner had a substantial basis for crediting SOI-1's information that SOI-1 had observed Wilkerson inside the residence, that Wilkerson appeared to have control over the premises, that SOI-1 had been inside the residence, and that SOI-1 had observed Wilkerson carrying a firearm and keeping marijuana and cocaine at the residence. Accordingly, I recommend that Wilkerson's motion to suppress be denied.

  *3. Motion to Confirm Identity of SOI-1*

Wilkerson seeks to confirm the identity of SOI-1 as Veronica Irving. (Docket # 13.) Wilkerson does not seek the general disclosure of SOI-1's identity; rather, he seeks confirmation of SOI-1's identity in furtherance of his pretrial motion. (*Id.*) In light of my rulings on Wilkerson's request for a *Franks* hearing and his motion to suppress, I find that Wilkerson's motion to confirm the identity of SOI-1 is moot.

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion to confirm the identity of SOI-1 (Docket # 13) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendant's request for an evidentiary hearing (Docket # 12) is **DENIED AS MOOT** and defendant's request for a *Franks* hearing (Docket # 12) is **DENIED**.

**IT IS RECOMMENDED** that the defendant's motion to strike surplusage from the indictment (Docket # 9) be **GRANTED**.

**FINALLY, IT IS RECOMMENDED** that the defendant's motion to suppress (Docket # 12) be **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 24th day of February, 2015.

BY THE COURT

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge