# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

    -vs-                                                    **Case No. 14-CR-249**

**WILLIE WILKERSON,**

    Defendant.

## DECISION AND ORDER

This matter is scheduled for a trial to commence April 21. The defendant, Willie Wilkerson, is charged with being a felon in possession of a firearm; with possessing marijuana with intent to distribute; and with possessing 2 firearms to facilitate drug trafficking. The defendant filed six motions in limine. The government opposes two of those motions, which are addressed herein.

In the first opposed motion, Wilkerson seeks to preclude the government from introducing evidence seized during his arrest. Specifically, at the time of Wilkerson's arrest just blocks from his home, Wilkerson admitted that he lived at the residence police were about to search, that he "knew better" and that he should not have been keeping firearms and drugs there. Wilkerson also allowed the police to use keys to

his residence to gain entrance in order to conduct the search. Pre-trial, the government did not oppose Wilkerson's motion to suppress this evidence. Wilkerson asks the Court to reaffirm that this evidence is inadmissible.

In response, the government reiterates that it will not offer this evidence at trial. However, the government states that the evidence should be admissible if defense counsel pursues the following topics in cross-examination: (1) whether the police knew the defendant's whereabouts at the time of the search; (2) whether the police had spoken to the defendant on the day of the search; (3) how the police knew that the defendant lived at the residence; (4) how the police knew that the defendant had not moved from the residence; and/or (5) how the police gained entry into the residence to conduct the search. *United States v. Schmitt*, 770 F.3d 524, 536 (7th Cir. 2014) (a defendant "opens the door" to otherwise inadmissible evidence when he affirmatively and genuinely places at issue the specific matter that the evidence is being offered to establish"). Wilkerson could also open the door by affirmatively introducing evidence on the foregoing topics. With this understanding, Wilkerson's motion is granted.

Second, Wilkerson moves to preclude the expert testimony of DEA agent Matthew McCarthy, who will "testify that certain items seized from the defendant's residence, including but not limited to the marijuana,

packaging material and digital scales, are indicative of drug trafficking, and that the two firearms recovered in the residence are typically used in such contexts in furtherance of drug trafficking." Under Federal Rule of Evidence 702, a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

In his motion, Wilkerson "presumes" that Agent McCarthy is qualified to opine on this subject matter, but "reserves the right to object if this presumption proves wrong." Wilkerson's presumption is not wrong. Agent McCarthy is clearly qualified to opine on the operations of drug dealers. *See* ECF No. 38, at 6 (listing experience and qualifications). Specifically, the Court notes that Agent McCarthy has been a special agent with the DEA since 2002; he served in the DEA Enforcement Group from March 2003 to May 2012; he has been assigned to the Milwaukee District Office since July 2013; he has run more than 100 drug investigations since

becoming an agent; and he has participated in the investigation of 500-700 drug cases. *Compare, United States v. Navarro*, 90 F.3d 1245, 1261 (7th Cir. 1996) (DEA agent with 24 years of experience in narcotics investigation qualified as an expert); *United States v. Foster*, 939 F.2d 445, 451 (7th Cir. 1991) (DEA agent with over twenty years of police work in narcotics investigation qualified as an expert). The Court also notes that Agent McCarthy was recently qualified as an expert in another drug trafficking case in this judicial district. Case No. 14-CR-159.

Next, Wilkerson argues that Agent McCarthy's testimony would not assist the trier of fact because jurors are well aware that drug dealers commonly carry guns, and that everyone understands that people, drug dealers and others, possess guns to protect valuables. To the contrary, and as the Seventh Circuit has recognized, the "average juror is unlikely to be knowledgeable about drug trafficking." *United States v. Allen*, 269 F.3d 842, 846 (7th Cir. 2001). Thus, Agent McCarthy's testimony will aid the jury in determining why Wilkerson would have needed to possess guns. *Id.* Moreover, the government recognizes that Agent McCarthy cannot testify as to Wilkerson's mental state. Fed. R. Evid. 704(b) ("In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of

the crime charged or a defense"). In other words, Agent McCarthy cannot (and will not) testify that he *knows* that Wilkerson intended to use the guns for drug trafficking. Instead, Agent McCarthy will testify that drug dealers *typically* use guns to protect their stashes – not always.[1] The jury is then free to draw the inference, or not, that Wilkerson had the requisite intent based upon the evidence presented at trial.

In the alternative, Wilkerson asks for a hearing outside the presence of the jury so defense counsel can voir dire Agent McCarthy and probe the admissibility of his testimony. This is unnecessary. The Court is satisfied, for the reasons already stated, that Agent McCarthy's testimony will properly assist the trier of fact. The Court is also satisfied that Agent McCarthy's testimony is based on his experience with the drug trade and the facts of this case. *Allen*, 269 F.3d at 846 (DEA agent's expert testimony admissible because it was "based on, and supported by, his considerable experience with the customs and tools of the drug trade and his review of the police reports"). Therefore, Agent McCarthy's testimony is reliable and relevant to the facts of this case.

---

[1] For this reason, the Court also rejects Wilkerson's tangential argument that the probative value of Agent McCarthy's testimony is "substantially outweighed" by the danger of unfair prejudice. Agent McCarthy's testimony would not elevate the proposition that drug dealers carry guns to "something definitive." Defense counsel is free to explore this point on cross-examination, of course, which further nullifies any danger of unfair prejudice to Wilkerson.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** Wilkerson's motion to exclude the testimony of Agent Matthew McCarthy [ECF No. 32] is **DENIED**. The balance of Wilkerson's motions [ECF Nos. 30, 31, 33, 34, and 35] are **GRANTED**.

Dated at Milwaukee, Wisconsin, this 16th day of April, 2015.

                                  **BY THE COURT:**

                                  */s/ Rudolph T. Randa*
                                  **HON. RUDOLPH T. RANDA**
                                  **U.S. District Judge**