# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

-vs-                                Case No. 14-CR-249

**WILLIE WILKERSON,**

    Defendant.

## DECISION AND ORDER

This matter was referred to Magistrate Judge Nancy Joseph for proceedings to determine whether City of Milwaukee police officers had probable cause to arrest Willie Wilkerson for loitering. After conducting an evidentiary hearing, Judge Joseph issued a recommendation answering that question in the negative. The United States objects. For the reasons that follow, the Court finds that Wilkerson's arrest was supported by probable cause. Therefore, Wilkerson's motion to suppress is denied.

**\*\*\***

This Court is charged with conducting a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The government objects to Judge Joseph's legal analysis, but does not object to her findings of fact, which are set forth at

pages 2-6 of her Recommendation. ECF No. 57. What follows is a condensed version of those facts.

On September 19, 2014, at 3:30 p.m., Officer Eric Rom was conducting surveillance at 1907 North 29th Street in Milwaukee. Officer Rom was surveilling that residence because he had obtained a search warrant for Wilkerson's residence at 4226 West Lloyd Street, he knew that Wilkerson spent time at 1907 North 29th Street, and he believed that Wilkerson sold drugs at that location. Officer Rom was hoping to arrest Wilkerson in order to have an easier and safer time executing the search warrant. Even so, Officer Rom was not bent on arresting Wilkerson no matter what. ECF No. 53, Tr. at 9.

Officer Rom saw seven or eight people standing in front of the 29th Street house, including Wilkerson and Pablo Johnson, whom Officer Rom had been "dealing with" for years. Officer Rom described the area where the group was standing as "two houses up from the corner … it's a common area for a long time now … [e]verybody just hangs out there. There's a lot of drug sales that go on there." Officer Rom observed the following activities: the group of people standing outside, people coming on and off the porch, people coming out to the street itself, and several passing cars stopping and having conversations with the people in the group.

After observing Wilkerson for approximately 25 minutes, Officer Rom believed that Wilkerson was either loitering or trespassing because Officer Rom knew there was a no trespassing and no loitering sign posted on the house. Officer Rom did not want to compromise his undercover vehicle, so he returned to the police station, retrieved his normal squad car, and informed his sergeant that Wilkerson was outside the 29th Street residence. Ultimately, the information gathered by Officer Rom was relayed to Officer Lyndsey Peters and Officer Ryan McElroy, who went to the 29th Street location to effectuate the arrest.

At the 29th Street residence, Officer Peters and Officer McElroy exited their squad car and approached Wilkerson on foot. After bringing Wilkerson over to the curb, they spoke with him briefly and called for a wagon. Neither Officer Peters nor her partner explained anything to Wilkerson at the time in an effort to downplay the situation because of the number of individuals at the location. Once the wagon arrived, Wilkerson was told that he was under arrest and placed in handcuffs.

***

In determining whether probable cause existed at the time of a warrantless arrest, the Court must ask if "at that moment the facts and circumstances within [the officers'] knowledge and of which they had

reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense." *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964). Probable cause is a "practical, nontechnical conception" that deals with "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Maryland v. Pringle*, 540 U.S. 366, 370 (2003) (quoting *Illinois v. Gates*, 462 U.S. 213, 231 (1983)). Courts examine the events leading up to the arrest, and then decide "whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *Pringle*, 540 U.S. at 371.

Wilkerson was arrested pursuant to Milwaukee City Ordinance § 106-31, which makes it unlawful to loiter or prowl "in a place, at a time, or in a manner *not usual for law-abiding individuals under circumstances that warrant alarm for the safety of persons or property in the vicinity*." Judge Joseph reasoned that "other than the fact that Wilkerson was standing around in an area known to the officers for illegal drug activity and Wilkerson was standing with Johnson, who was known to Officer Rom for 'prior drug-related stuff,' nothing about Wilkerson's actions would be cause for alarm." Recommendation at 10. This Court draws the opposite conclusion. These circumstances *were* cause for alarm, especially so when

- 4 -

Case 2:14-cr-00249-PP   Filed 09/25/15   Page 4 of 7   Document 65

combined with Officer Rom's knowledge that Wilkerson was milling around with a known drug dealer a mile from his home (which was at that time the subject of a search warrant issued by a detached magistrate) *in an area where Wilkerson was known by the officer to have sold drugs in the past*. Thus, the officers had probable cause to believe that Wilkerson was violating § 106-31.

The ordinance also provides that "[u]nless flight by the actor or *other circumstances makes it impracticable*, a peace officer shall prior to any arrest for an offense under this section, afford the actor an opportunity to dispel any alarm which would otherwise be warranted, by requesting him to identify himself and explain his presence and conduct." § 106-31 (emphasis added). Judge Joseph conceded that there were "valid reasons for not alerting Wilkerson to what they were doing, such as Officer Rom not wanting to reveal an undercover vehicle and Officer Peters not wanting to stir up the people around him, …" Recommendation at 11. Even so, Judge Joseph concluded that it would not have been "impracticable" for the officers to have Wilkerson explain his presence. It may not have been impossible for the officers to question Wilkerson before arresting him, but it certainly would have been difficult in light of the "valid reasons" noted by Judge Joseph. *Id.* (citing dictionary definition of "impracticable" as

"difficult or impossible to do or use: not practicable"). In other words, it would have been difficult for the arresting officers to give Wilkerson the opportunity to dispel the alarm without compromising an undercover police operation. It also would have been difficult without placing themselves and others in danger. The circumstances of the offense rendered this course of action impracticable.

In addition, there was really no explanation that Wilkerson could have given that would have diminished the probable cause already established by the facts prompting his arrest. At the time of the arrest Wilkerson's home was the subject of a search warrant, Wilkerson was known by the officer to be a drug dealer who was known also to have dealt drugs in the past at the location where he was arrested, the home on the street where Wilkerson was arrested had "no loitering" and "no trespassing" signs because it was an area where historically drug deals had occurred, and at the time of the arrest people were going to and fro and cars were making numerous stops. Finally, Wilkerson was in the company of a known drug dealer.

***

**NOW, THEREFORE, BASED ON THE FOREGOING**, the Court refuses to adopt Judge Joseph's Recommendation [ECF No. 57] that

Wilkerson's motion to suppress be granted. As such, Wilkerson's motion to suppress [ECF No. 12] is **DENIED**, and his motion to reconsider the Court's motion in limine order [ECF No. 40] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 25th day of August, 2015.

                                                **BY THE COURT:**

                                                _____
                                                **HON. RUDOLPH T. RANDA**
                                                **U.S. District Judge**